FILED: April 27, 2015

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-1293**
**(3:14-cr-00012-JRS-1)**
**(3:14-cr-00012-JRS-2)**

_____

In re: WP COMPANY, LLC, d/b/a The Washington Post,

    Petitioner.

_____

ORDER

_____

The Washington Post appeals the district court's order denying its request for release of juror names or numbers corresponding to the jury questionnaire responses in <u>United States v. McDonnell</u>, No. 3:14-CR-12 (E.D. Va. 2014).

The Supreme Court has held that "[t]he presumption of openness" of <u>voir dire</u> proceedings may be superseded by "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." <u>Press-Enter. Corp. v. Superior Court of Cal.</u>, 464 U.S. 501, 510 (1984). However, that interest must be "articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." <u>Id.</u> Thus although the public enjoys a

presumptive right of access to voir dire proceedings, including voir dire questionnaires, a district court may overcome that presumption with particularized findings that justify closing some or all of those proceedings to the public.

In its brief order, the district court concluded that to require disclosure of the requested information would "compromise juror confidentiality and privacy," which it "refuse[d]" to do. United States v. McDonnell, No. 3:14-CR-12, Order at 1 (E.D. Va. March 9, 2015) (third order sealing voir dire questionnaires). The court did not identify any "deeply personal matters" that might give rise to a compelling interest in the sealing, or indicate that it had responded to "an affirmative request" for the sealing by a prospective juror. Press-Enter. Corp., 464 U.S. at 512. Nor did the court in its order "consider alternatives" to the requested disclosure. Id. at 513.[*]

The district court's short order does not satisfy the requirements of Press-Enterprise. See id. at 513 ("Assuming that some jurors had protectable privacy interests in some of

---

[*] Furthermore, the court erroneously invoked the Jury Selection Act, which prevents disclosure of "papers used by the jury commission or clerk" before voir dire, to countenance the sealing of information collected during voir dire. 28 U.S.C. § 1867(f) (2012). Accord United States v. Hernandez-Estrada, 749 F.3d 1154, 1167 (9th Cir.) cert. denied, 135 S. Ct. 709 (2014).

2

their answers, the trial judge provided no explanation as to why his broad order denying access to information . . . was not limited to information that was actually sensitive and deserving of privacy protection."). Accordingly, as the Supreme Court did in <u>Press-Enterprise,</u> we must "remand the case for proceedings consistent with this opinion." <u>Id.</u>  If the district court determines that some or all of the requested material should be sealed, it must support its order with particularized findings that the "closure is essential to preserve higher values and narrowly tailored to serve that interest." <u>Id.</u> at 510.

                                      FOR THE COURT

                                      <u>/s/Patricia S. Connor</u>
                                                 Clerk